UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LINDA J. GRAY,**
    **Plaintiff,**

v.                    Civil Action No. 2:05cv433

**DONALD C. WINTER,**
Secretary of the Navy,
    **Defendant.**

## OPINION AND ORDER

  This matter is presently before the court on the defendant's Motion for Summary Judgment. After examination of the record, the court determines that the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons set forth herein, the court **GRANTS** defendant's motion, thereby terminating this matter in favor of defendant.

### I. Procedural and Factual History

  The matter before the court arises out of an employment discrimination lawsuit filed by pro se plaintiff, Linda J. Gray, on July 25, 2005. Plaintiff's complaint alleges that the defendant, the representative of plaintiff's employer, discriminated against plaintiff by failing to promote her, by paying her a lower salary for doing the same work as male coworkers, and by retaliating against her based on her race and sex. On March 3, 2006, plaintiff filed a notice of voluntary dismissal of her case pursuant to Federal Rule of Civil Procedure 41(a), indicating that such notice was filed prior to defendant's filing of an answer or motion for summary judgment. However, prior to plaintiff's notice, defendant had in fact timely filed an answer, making

voluntary dismissal pursuant to Rule 41(a)(1) inappropriate.  After filing a response objecting to voluntary dismissal, on March 16, 2006, defendant filed the instant motion for summary judgment.  Accompanying defendant's motion was a "Warning to Pro Se Party" notifying plaintiff of her rights pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), including her right to file a response and the potential consequences of her failure to respond.  Even after such warning was made, plaintiff failed to file a response.

      Turning to the facts, plaintiff Linda Gray, an African-American female, is currently employed at the Norfolk Naval Shipyard ("NNSY"); defendant is a representative for NNSY.  Plaintiff began working at NNSY in 1981 as a full-time Electronics Mechanic.  In 1985 she became a Planner and Estimator in the Electrical/Electronic Engineering Division.  As part of reorganization, in 1997 plaintiff was promoted to an Electronics Technician, a significant promotion which brought with it a GS-11 grade.  Plaintiff's GS-11 position called for the performance of several "hands on" duties that were not required as part of her previous position; however, nearly five years after she took on the GS-11 role, plaintiff "was still just performing her old duties of planning and estimating" and she "had no experience or virtually no experience" in multiple hands on duties (Summ. J. Memo ¶ 7, ex.3 ¶ 23).

      In 2001, the NNSY made the decision to promote three GS-11 technicians from within plaintiff's division to GS-12 group leaders.  One of the reasons for this decision was to simplify communications between upper level management and other personnel (Summ. J. Memo ex.2 ¶ 15).  Plaintiff and nine others submitted applications for the GS-12 positions and in November of 2002, a three member selection panel was established to review the applications; interviews of the applicants were not conducted.  The selection panel was set up by Vincent Bryan, the head of

2

the Electrical/Electronic Engineering Division, and it included Bryan and two branch supervisors that worked under Bryan, one of which was plaintiff's supervisor. All three panel members were white males.

After reviewing the applications for promotion, each member of the selection panel independently graded each applicant based on a four element scoring system established by Bryan. Each of the four selection criteria was weighted based on the business needs of the division, with the most important element being whether an applicant had "hands on and technical experience" (Summ. J. Memo ex.2 ¶ 17). After averaging the scores, the panel offered the GS-12 positions to Thomas Bowling, Richard Perry and John Tate, the three highest scoring individuals. All three individuals receiving promotions are male, two are white and the other is Alaskan/Native American.

Affidavits from each of the members of the selection panel were submitted as exhibits to defendant's motion for summary judgment. Such affidavits establish that plaintiff's overall score was the fifth highest out of the ten applicants and that she failed to receive a higher score than those promoted on <u>any</u> of the four selection elements from <u>any</u> of the panel members (Summ. J. Memo ex.2-4). Furthermore, it is undisputed that in January of 2001 plaintiff voluntarily began working off-site as a union representative and when the selection panel was reviewing the applications for promotion in November of 2002, plaintiff had not performed her GS-11 duties in almost two years.

After plaintiff returned to her GS-11 duties in February of 2003, she sought an explanation for her employer's decision not to promote her. She was told that she lacked leadership, an important quality for a Group Leader. After she continued seeking information

and repeatedly attempted to convince management that she was a good leader, plaintiff was told of the selection panel and her failure to score as high as those who were promoted. The selection panel's scoring indicates that in each of the panelist's opinion, plaintiff needed improvement in two the four areas considered criteria for promotion: (1) leadership; and (2) hands on and technical experience, the latter being the most heavily weighted selection criteria. After exhausting her administrative remedies, plaintiff filed the instant suit which primarily focuses on plaintiff's claim that she was discriminated against in the promotion process.

## II. Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exists no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Terry's Floor Fashions, Inc. v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985); Fed. Rule. Civ. Pro. 56(c). Although the court must draw all inferences in the non-movant's favor, once the movant has properly filed evidence supporting summary judgment, the non-moving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. Celotex, 477 U.S. at 322-24; Cray Communications Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 393-94 (4th Cir. 1994). Such facts must be presented in the form of exhibits and sworn affidavits and must make a sufficient evidentiary showing such that a jury could reasonably find in the non-movant's favor. Celotex, 477 U.S. at 324. In other words, while the movant carries the burden to show the absence of a genuine issue of material fact, when such burden has been met, it is up to the non-movant to establish the existence of such

an issue.  Id.; Matsushita, 475 U.S. at 586-87.

Summary judgment is not reserved for situations where no factual issues are in dispute; rather, to find against the moving party the court must find both that material facts are in dispute and that the disputed issues are genuine.  Fed Rule of Civ. Proc. 56(c).  Disputed facts are material if they are necessary to resolving the case and to be genuine they must be based on more than speculation or inference.  See Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).  If the moving party advances evidence suggesting that there is not a genuine and material dispute, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," as the existence of a scintilla of evidence is insufficient to defeat a motion for summary judgment.  Matsushita, 475 U.S. at  586; Catawba Indian Tribe of S.C. v. South Carolina, 978 F.2d 1334, 1339 (4th Cir. 1992).

### III.  Analysis

Plaintiff's complaint seeks damages based on her employer's alleged violation of Title VII of the Civil Rights Act of 1964, claiming that defendant failed to promote her based on her race and sex.  42 U.S.C. § 2000e.  Plaintiff also argues that defendant retaliated against her in violation of Title VII by reducing her workplace responsibilities and excluding her from certain communications and meetings.  Finally, plaintiff alleges a violation of the Equal Pay Act, arguing that she performed the same duties as male coworkers yet received less compensation.

In response to plaintiff's allegations, defendant has moved for summary judgment, providing the court with several exhibits in support of the motion.  These exhibits chronicle both plaintiff's work history at NNSY and the process that was utilized in order to select the three men who were promoted to GS-12 group leaders.  Included in these exhibits are affidavits, made

under penalty of perjury, of each member of the promotion panel. Although defendant submitted a detailed motion for summary judgment with affidavits, a transcript of plaintiff's deposition, and several other supporting documents, plaintiff failed to file a responsive memo, an affidavit, or any other exhibit rebutting defendant's position or setting forth facts that would indicate a genuine issue of material fact exists for trial. Thus, as discussed below, plaintiff has failed to rebut defendant's convincing showing that there are no genuine issues of material fact before the court; therefore, summary judgment in defendant's favor is proper. Celotex, 477 U.S. at 322-24; Cray Communications, 33 F.3d at 393-94; Bradford v. School Dist. No. 20, 364 F.2d 185, 187 (4th Cir. 1966) ("When a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real . . . controversy exists, and, of course, he does not do that by mere denial or holding back evidence.") (citations omitted).

**A. Title VII Promotion Discrimination**

There are two primary avenues by which plaintiff may defeat defendant's motion for summary judgment with respect to her Title VII discrimination claim. First, plaintiff may establish through ordinary principles of proof using "direct or circumstantial evidence that sex or [race] discrimination motivated the employer's adverse employment decision." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004). In the alternative, even without direct or circumstantial evidence, plaintiff may advance her case by establishing a presumption of discrimination under the burden shifting scheme as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny. To do so, plaintiff must state a prima facie case by showing that: "(1) plaintiff is a member of a protected group; (2) plaintiff applied for the position

in question; (3) plaintiff was qualified for the position; and (4) plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (quoting McNairn v. Sullivan, 929 F.2d 974, 977 (4th Cir.1991)).  If plaintiff succeeds in presenting a prima facie case, an inference of discrimination arises, and the defendant faces a burden of production to articulate a legitimate non-discriminatory reason for the challenged actions.  See McDonnell Douglas, 411 U.S. at 802. Defendant need not affirmatively establish a legitimate non-discriminatory justification; rather defendant "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 257 (1981).

Once such explanation is provided by the defendant, the presumption of discrimination is extinguished, and plaintiff must present evidence that defendant's justification was pretext for the true discriminatory motivation.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43 (2000); Mackey v. Shalala, 360 F.3d 463, 468 (4th Cir. 2004).  This burden of establishing pretext "merges with the ultimate burden of persuading the court that [plaintiff] has been the victim of intentional discrimination."  Burdine, 450 U.S. at 254.  As a result, in order to survive summary judgment plaintiff "must do more than merely raise a jury question about the veracity of the employer's proffered justification."  Gillins v. Berkeley Elec. Co-op., Inc., 148 F.3d 413, 417 (4th Cir. 1998).  Rather, plaintiff must "adduce sufficient evidence both that the proffered, nondiscriminatory reason is false and that race discrimination is the 'real reason'" for her employer's decision not to promote her. Id.; see Henson v. Ligget Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995) ("An employer is entitled to summary judgment if the plaintiff fails to . . .

raise a factual dispute regarding the employer's proffered reasons for the alleged discriminatory act."). Furthermore, while plaintiff can produce either direct or circumstantial evidence to rebut defendant's proffered reasons, "[u]nsupported speculation is not sufficient." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987); <u>Henson</u>, 61 F.3d at 275.

### 1. Plaintiff's prima facie case under the McDonnell Douglas burden shifting scheme

Here, plaintiff has not presented direct, indirect, or circumstantial evidence suggesting any discriminatory animus; therefore, she must rely on setting out a prima facie case under the pretext framework. It is undisputed that plaintiff has established the first two elements of a prima facie case under <u>McDonnell Douglas</u>; she was a member of a protected group and she applied for promotion to GS-12. Defendant disputes whether plaintiff established the latter two elements, that she was qualified to be promoted and that the circumstances surrounding the promotion decision give rise to an inference of discrimination. See <u>Carter</u>, 33 F.3d at 458.

Considering the third element, although it is clear from plaintiff's deposition that she possesses insufficient information to establish that she was <u>better qualified</u> than the three men who were promoted, such a showing is not required (Depo. 66-67). Rather, to establish a prima facie case, plaintiff need only show that she was <u>qualified</u> for the position as "[t]he burden of establishing a prima facie case . . . is not onerous." <u>Burdine</u>, 450 U.S. at 253. Looking to the evidence before the court, including defendant's summary judgment motion and supporting exhibits, it appears that plaintiff has met the minimal burden of establishing that she was qualified for the job opening in issue. Defendant admits that plaintiff received the fifth highest score out of the ten applicants, meaning that she had the second highest score of those who were not promoted (Summ. J. Memo ¶ 17). Furthermore, affidavits of panelists establish that at least

one member of the panel scored defendant as high as one of the men who was promoted on each of the three most heavily weighted promotion criteria. Therefore, plaintiff appears to have established the third element of her prima facie case.

Plaintiff also succeeds in establishing the fourth element of her prima facie case because to satisfy her burden, plaintiff, an African American, need only show that the position was filled by a white applicant. Carter, 33 F.3d at 458. Plaintiff has established not only that the three positions were filled by two white applicants and one Native-American applicant, but that all three of the individuals promoted were men. Furthermore, the selection panel was comprised entirely of white males. On these facts, plaintiff clearly meets the minimal burden of establishing that there was an "inference" of discrimination. Thus, having established all four elements of a prima facie case under the McDonnell Douglas framework, the burden shifts to the defendant.

**2. Defendant's proffered promotion justification was not shown to be pretextual**

Although plaintiff has established a prima facie case creating a presumption of discrimination, to rebut such presumption, defendant need only produce a legitimate non-discriminatory reason for its promotion decision. See McDonnell Douglas, 411 U.S. at 802. If defendant articulates such a reason, and plaintiff fails to present evidence indicating that defendant's justification was merely pretext for a discriminatory motivation, than defendant is entitled to summary judgment. Henson, 61 F.3d at 274. For the reasons discussed below, defendant has clearly rebutted plaintiff's prima facie case and plaintiff has failed to respond, mandating summary judgment in defendant's favor.

Defendant has provided ample evidence articulating the legitimate business purpose underlying the decision not to promote plaintiff. Specifically, defendant has produced affidavits

establishing that a three member promotion panel individually reviewed the applications for promotion, each member independently scored each applicant based on four specific criteria, and after averaging the scores, the three highest scoring individuals were offered a promotion. Notably, plaintiff not only failed to achieve one of the three highest scores, she was fifth on the list, meaning that another individual who scored higher than her was also not promoted. Furthermore, plaintiff failed to receive a higher score than any of individuals who were promoted on any of the four selection criteria from any of the panel members. Similar to the situation in Anderson v. Westinghouse Savannah River Co., 406 F.3d 248 (4th Cir. 2005), here, "[a] comparison of the [four] rating forms, compiled by the same interview panel, indicates that the panel found [Perry, Tate, and Bowling] to be the superior candidate[s]." Id. at 270. Additionally, although plaintiff states in her complaint and deposition that she was a superior planner and estimator and wanted to be evaluated based on such, plaintiff "cannot establish her own criteria for judging her qualifications for the promotion. She must compete for the promotion based on the qualifications established by her employer." Id. at 269; see also Jiminez v. Mary Washington College, 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its business judgment."); E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 946 (4th Cir. 1992) ("It is not . . . the function of this court to second guess the wisdom of business decisions.").[1]

---

[1] Likewise, although defendant does not challenge the fact that plaintiff previously received "Outstanding" performance appraisals, plaintiff's past success as a GS-11 is not synonymous with success as a GS-12 Group Leader. See Anderson, 406 F.3d at 272 ("[T]he performance evaluation is a review of an employee's performance in her current position, while the process of selecting a person for a promotion involves a consideration of how that employee will perform in a different position. In other words, the performance evaluation and the . . . selection stage, which involves an analysis of how the applicant meets the core and functional competencies of the position that is open, are not interchangeable.") (emphasis added).

Here, defendant has produced affidavits providing a legitimate basis for NNSY's promotion decision. As previously stated, defendant need not affirmatively establish its justification, but rather, is only under a burden of production to present evidence "which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Burdine, 450 U.S. at 257. As defendant has carried such burden and plaintiff has failed to respond with facts indicating that the defendant's justification is merely pretext for a discriminatory animus, the defendant is entitled to summary judgment. Henson, 61 F.3d at 274.[2]

**B. Title VII Retaliation**

Although plaintiff's Title VII argument primarily focuses on defendant's failure to promote her, plaintiff also briefly argues that defendant retaliated against her by taking away her "lead planner duties" and excluding her from certain communications after she filed her complaint (Compl. ¶ 47).[3] Because plaintiff has produced no evidence of retaliatory intent, she must establish a prima face case by showing: (1) that she engaged in a protected activity; (2) that defendant took adverse employment action against her; and (3) that a causal connection existed between the protected activity and the adverse action. Mackey v. Shalala, 360 F.3d 463, 469 (4th

---

[2] Defendant's summary judgment memo presents a detailed argument as to why plaintiff is unable to establish that defendant's proffered justification is pretextual. However, the court need not address whether, given plaintiff's deposition, plaintiff could possibly establish such; rather, the court bases its decision on the fact that plaintiff has failed to establish the same.

[3] Plaintiff's complaint also appears to seek relief based on an alleged "pattern of discrimination." The court does not address such ground for relief because such a claim can only be asserted in a class action lawsuit. Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999). However, to the extent that such claim may be properly before the court, summary judgment is granted in defendant's favor.

Cir. 2004); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998). Focusing on the second element, in order to constitute an "adverse employment action," an employer's conduct must alter the "terms, conditions, or benefits of employment." Von Gunten v. Maryland, 243 F.3d 858, 866 (4th Cir. 2001); Peary v. Goss, 365 F. Supp. 2d 713, 722 (E.D. Va. 2005) ("[M]ere reassignment to a less appealing job does not constitute an adverse employment action."). Examples of "typical" adverse employment actions include "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999).

Here, defendant fails to establish an adverse employment action as she merely claims that she was excluded from certain meetings and other communications and that she became "subordinate" to Tom Bowling, one of the men who was promoted to GS-12. First, excluding plaintiff from management meetings or communications does not qualify as an adverse employment action as doing so did not materially alter the "terms, conditions, or benefits" of her employment. Second, plaintiff's contentions relating to her level of responsibility and the fact that she had to report to Tom Bowling merely display that she was unhappy with the newly implemented organizational framework, primarily because she was not one of the individuals who was promoted. Under the new framework, Tom Bowling, previously plaintiff's equal as a GS-11, became in some respects plaintiff's superior as upper management began communicating with plaintiff through Tom Bowling, the GS-12 group leader. Plaintiff's displeasure with the altered chain of command and chain of communication within the division is insufficient to establish an adverse employment action; therefore, plaintiff's retaliation claim fails.[4]

---

[4] To the extent that plaintiff lost any supervisory responsibility or opportunity for promotion, such losses occurred based on the decision to reorganize the department, which

**C. Equal Pay Act**

Plaintiff next contends that defendant violated the Equal Pay Act by failing to pay her the same salary as the three men promoted to GS-12 Group Leaders. The Equal Pay Act prohibits discrimination "on the basis of sex by paying wages . . . at a rate less than the rate at which [an employer] pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility . . . ." 29 U.S.C. § 206(d). In order to establish a prima facie case under such Act, the plaintiff must establish that she "(1) receives lower pay than a male co-employee (2) for performing work substantially equal in skill, effort, and responsibility under similar working conditions." Strag v. Board of Trustees, 55 F.3d 943, 948 (4th Cir. 1995). The comparison between the plaintiff's job and that of the male comparator should be made factor by factor. Id.

Here, plaintiff fails to make a prima facie showing as she fails to establish that she performs work requiring equal skill as the individuals who were promoted. Moreover, plaintiff fails to establish that she has the same level of responsibility as those promoted to GS-12 group leader. Plaintiff, a GS-11 passed over for promotion, admits in her deposition that GS-12 employees have a different job description and are expected to perform more "technical duties" than a GS-11 (Depo. 151-56). Likewise, plaintiff recognizes that as a GS-11 she failed to obtain additional training or perform substantial duties outside of her planning and estimating duties because she "wanted to be promoted on her current expertise" (Depo. 90-91, 155-56). Although plaintiff's deposition indicates that there are some overlapping duties between GS-11 and GS-12

---

necessarily preceded plaintiff's challenge to her non-promotion. Thus, any lost opportunities were a direct result of the fact that four individuals were better qualified for promotion than plaintiff was. Furthermore, as discussed below, plaintiff's claim of lost responsibility directly conflicts with her Equal Pay Act claim.

13

positions, such overlap is insufficient to establish a prima facie case of unequal pay.[5] Rather, as plaintiff has failed to respond to defendant's motion, the facts before the court indicate that the three individuals who were promoted were in fact performing additional job functions and had increased responsibility justifying their pay increase.

In considering the facts before the court, although Rule 56 requires the court to consider all pleadings and exhibits, when the non-moving party fails to respond, as plaintiff has, the court is not under a duty to scour depositions and other materials searching for a triable issue. See Rouse v. Nielsen, 851 F. Supp. 717, 723 (D.S.C. 1994) ("It is not the Court's duty to search the record to ascertain whether it is bereft of a genuine issue of material fact."); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989) (same). Rather, once the moving party has met its initial burden than the onus is shifted, requiring the non-moving party to "come forward and demonstrate that such an issue does, in fact, exist." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (emphasis added). If the non-movant comes forward, she must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. Pro. 56). If, however, the non-moving party chooses not to respond, then the court must rely on the facts as established by the movant and need not develop facts in defense of the non-movant. Here, since defendant supported its motion with affidavits and exhibits, and plaintiff failed to challenge defendant's characterization of the "Facts Without Substantial Controversy,"

---

[5] Plaintiff admits that one of the job functions that she claims warrants additional compensation was previously performed by all three of the men promoted to GS-12 when they were still GS-11s, as well a current GS-11 who is a white male, and other individuals with grades below GS-11 (Depo. 131-36).

summary judgment in defendant's favor is warranted.

Furthermore, although not required, because the plaintiff is proceeding pro se the court did in fact spend considerable time searching the record and rather than finding support for plaintiff's Equal Pay Act claim, the court found that plaintiff's factual contentions relating to such claim are in stark contrast with facts used to advance her retaliation claim. Specifically, in an attempt to show an adverse employment action, plaintiff contends in her retaliation claim that she was given less responsibility than those promoted to GS-12. However, in contrast, plaintiff contends in her equal pay claim that she is doing the same work as the GS-12s. Plaintiff's contentions exhibit a factual contradiction which negatively impact the credibility of her position. Furthermore, the contradiction would create a Hobson's choice for defendant, as continuing to let plaintiff act as a leader in certain circumstances would, under plaintiff's logic, result in an Equal Pay Act violation, whereas only letting GS-12s take on leadership roles would, under plaintiff's logic, result in a Title VII violation based on retaliation. A close examination of plaintiff's deposition reveals nothing other than plaintiff's continued dissatisfaction with defendant's decision not to promote her. Plaintiff states in her complaint that "she has become a 'subordinate' to Tom Bowling," yet at other times insists that she has the same level of responsibility as Tom Bowling and the other two individuals promoted to GS-12 (Compl. ¶ 47, 62-65). Likewise, plaintiff claims that she is being retaliated against by being given less responsibility, yet she claims she should be paid more for acting as a planning coordinator (Depo. 145-47). Furthermore, plaintiff admittedly focuses her work efforts on certain aspects of her GS-11 position and excels at such; however, she has little to no experience performing several other GS-11 requirements, let alone any additional GS-12 requirements (Summ. J. Memo

ex.3 ¶ 23, 41).

Therefore, plaintiff has failed to establish a prima facie case under the Equal Pay Act because she has not shown that she performs substantially the same job functions as the men who were promoted to GS-12.  Likewise, even if plaintiff's complaint originally appeared to establish a prima facie case, plaintiff failed to respond to defendant's motion which included affidavits and exhibits, and plaintiff cannot rest upon mere allegations in the pleadings in order to establish a genuine issue of material fact.  See Celotex, 477 U.S. at 322-24.  After considering the facts as presented to the court, it is clear that plaintiff is frustrated with the new organization framework and dislikes being a subordinate to individuals that were previously her "equals."  However, such dissatisfaction and frustration with defendant's promotion decision are insufficient to establish unequal pay in violation of 29 U.S.C. § 206(d); therefore, plaintiff's claim fails.

### IV.  Conclusion

For the reasons discussed more fully above, defendant's motion for summary judgment is **GRANTED**.[6]  Although plaintiff's complaint successfully establishes a prima facie case of discriminatory non-promotion, defendant has clearly met its burden of production, advancing a non-discriminatory justification for NNSY's promotion decision.  Because plaintiff failed to advance any evidence challenging defendant's assertions, plaintiff has failed to establish that defendant's proffered justification is pretextual.  Additionally, as plaintiff failed to respond to

---

[6] Defendant filed a motion for default judgment on April 11, 2006 based on plaintiff's failure to respond to defendant's summary judgment motion and plaintiff's alleged agreement to have the case dismissed with prejudice.  However, because plaintiff failed file any document with the court indicating that she desired a dismissal with prejudice, the court decided this matter on defendant's summary judgment motion.  As the case is terminated in defendant's favor based on such motion, defendant's motion for default judgment is deemed moot.

defendant's motion and failed to identify facts with which plaintiff disagrees, plaintiff's claims under the Equal Pay Act likewise fail; therefore, summary judgment terminating the case in defendant's favor is warranted.

The pro se plaintiff is advised that she may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to mail copies of this Order to the pro se plaintiff and to counsel for the defendant.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April  25 , 2006